Plaintiff, Constantino, brought the suit to recover the sum of $194.10, of which amount the sum of $150 is for a balance claimed to be due on rent on a restaurant and filling station, and further sum of $44.10 as the value of certain cutlery, dishes, silverware, etc., which plaintiff claims defendant failed to return when the leased premises were surrendered.
Plaintiff leased to the defendant in January, 1942, a restaurant and filling station on Florida Street for the monthly rental of $150. On June 21, 1942, after considerable controversy between the parties, they signed an agreement drawn up by Mr. Joe Brunot, an attorney called in by the defendant, which agreement recites in substance that, for a valuable consideration, it was agreed between the parties that the lease held by Messina was cancelled and the premises to be delivered to plaintiff two days later. The premises were surrendered by defendant as agreed, and more that a year thereafter this suit was filed by plaintiff in which he alleges that the defendant had paid only $100 per month for the last three months previous to the surrender of the premises, and that he owed the balance of $50 per month for the last three months, and owed for the value of certain articles of cutlery, dishes and silverware, not returned by defendant with the leased premises.
The defendant admitted the lease and admitted that the lease was cancelled by mutual consent and the premises surrendered, but he denied that he owed any balance on the rent. He admitted that certain articles were missing when he surrendered the premises, and alleged that he bought and tendered plaintiff other articles to replace the missing ones, but plaintiff refused to accept these articles. Defendant filed a reconventional demand for $975 damages which he claims to have suffered by reason of the overflow of rainwater in the leased building and leaks therein, but as this reconventional demand is abandoned, it is not *Page 529 
necessary to discuss it further. Plaintiff claims that defendant never paid him all the rent, but defendant claims that because of the bad condition of the premises, he told the landlord that he could not pay $150 per month, but would pay $100 per month, and for the last three months of the lease he paid $100 per month which amount plaintiff accepted without protest; that the agreement signed in June, 1942, was a full settlement between them, except for the missing articles which he offered to replace.
The trial court rendered judgment in favor of plaintiff for the alleged balance of $150 on the rent, plus an additional sum of $20, the estimated value of the missing articles. The defendant appealed, and plaintiff answered the appeal, asking that the amount of the judgment be increased to $189.10.
The agreement signed by both parties at the time the lease was cancelled and the defendant agreed to surrender the premises makes no mention of past due rent. The testimony shows that the principal argument between the parties at the time this agreement was signed revolved around the controversy of whether or not the defendant should pay any further rent. According to the testimony of the defendant, after considerable discussion they got together, "and Mr. Constantino agreed to break the lease providing I would give him $50 so we could get through with the thing, and I gave him $50 and the lease was broken."
The defendant further testified on this point that the matter of past due rent was brought up, and he told plaintiff that he did not owe any past due rent and was not going to pay it because they had had an understanding; that the only way he would agree to get out was not to pay this past due rent, whereupon plaintiff finally agreed to accept the $50 and break the lease.
Plaintiff admits that he was demanding of the defendant the surrender of the place, but he denies that he agreed to remit the past due rent of $150, or that the defendant paid him $50 in full settlement of this rent. He states that: "I told him (defendant) I wanted my place of business or him to pay me the balance of the lease." On being asked if it was not the understanding of the parties that by signing the agreement for the surrender of the premises they were settling all their claims for damages between them, he answered in the affirmative. There were three principal points of difference between the parties, viz., plaintiff's contention that the defendant owed for the balance of the rent for the last three months; defendant's contention that, because of the overflow of the water on the premises and the leakage he had suffered damage and claimed the reduction of the rent to $100 per month for the last three months, which amount he paid plaintiff who made no protest; and, lastly, the insistence on the part of plaintiff that defendant give up the premises and cancel the lease.
[1] If plaintiff's contention in this suit is correct, he would have all of his claims vindicated, and the defendant would get nothing by the purported compromise agreement; for it is obvious if plaintiff prevails in this suit, he will get all the past due rent claimed, a surrender of the premises, and a compromise of any claim that the defendant may have had against him for damages or for a reduction in the rent. We can hardly believe that the compromise agreement can be given any such interpretation and effect. The agreement recites that for a valuable consideration, the defendant cancels the lease and returns the premises. We do not know what consideration he received if plaintiff did not surrender any of his claims. The only reasonable interpretation to be put on the agreement is that the parties intended to settle their differences. This conclusion is supported by the fact that plaintiff waited more than a year to claim this back rent.
It is true that the attorney who drew the agreement and was present when the parties were discussing their differences testified that it was his understanding that the defendant was to pay the past due rent later. He stated that the parties were arguing over the matter for almost a half-day, and that the defendant offered to give plaintiff a diamond ring in pledge as security for this past due rent. He says he got up and let them argue and told them when they got ready to draw the agreement to call him back. We believe the parties reached their agreement between themselves, and the attorney got his impression of the terms of settlement during the course of the discussion while he was present, and the two parties finally reached the agreement to settle all their difference. It hardly seems reasonable that nothing was mentioned in the written agreement about the past due rent and when and how it was to be paid if plaintiff and defendant understood that the latter still owed this rent. As already *Page 530 
stated, that was one of the principal differences between them.
[2, 3] The defendant admits that the inventory of the effects in the restaurant was taken as provided for in the agreement, and the articles claimed by plaintiff were missing. Defendant purchased other articles of a similar nature to replace those missing and claims to have tendered them to plaintiff. We do not find that a timely tender was made, nor do we think that plaintiff was required to accept them. He is entitled to recover for the reasonable value of these missing articles, and a representative of the company from whom these articles were purchased fixed their value at $20. The trial judge allowed this amount for the missing articles, and we see no reason to change his award in this respect.
For the reasons assigned, it is ordered that the judgment appealed from be amended by reducing the amount thereof from $170 to the sum of $20, and as thus amended, the judgment is affirmed; plaintiff to pay the cost of the appeal, and defendant to pay all other cost.